IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWKAT AHMED KOCHARY )
)
v. ) No. 3-08-0234
)
DEPARTMENT OF HOMELAND )
SECURITY; UNITED STATES )
CITIZENSHIP AND IMMIGRATION )
SERVICES; FEDERAL BUREAU OF )
INVESTIGATIONS; DEPARTMENT )
OF JUSTICE )

TO:  Honorable Aleta A. Trauger, District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered May 13, 2008 (Docket Entry No. 3), this case was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions, and to conduct any necessary proceedings pursuant to Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff filed this action pursuant to 8 U.S.C. § 1447(b) to "obtain naturalization by this Court" and to "mandamus the Federal Bureaus of Investigations (sic) (FBI) to complete any background checks required by law or regulation." Docket Entry No. 1, at 1. The plaintiff is represented by counsel.

Pending is the motion of defendant Department of Homeland Security to dismiss (Docket Entry No. 4), to which no response has been filed. Failure to file a response indicates that there is no opposition to the motion. See Local Rule 7.01(b). Further, the Court assumes that the plaintiff has no objection to the motion since the relief sought by the plaintiff has been granted.

The defendant maintains that the case is now moot and should be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction

since there is no longer a case or controversy. The defendant explains that the plaintiff's application for naturalization has been approved. See Docket Entry No. 5-1. Although the defendant has not advised the Court whether the plaintiff has been naturalized, the Court has confirmed with the Naturalization Clerk that the plaintiff was sworn in as a citizen on June 27, 2008.

Since the plaintiff has obtained the relief he sought, it is not necessary to analyze whether the United States Citizenship and Immigration Services ("USCIS") had jurisdiction to take any action, including approval of the plaintiff's application and subsequent naturalization, while this case was pending. See Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007); United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc); Elaasar v. Mueller, 522 F. Supp.2d 932 (N.D. Ohio 2007); and Zaranska v. United States Dep't of Homeland Sec., 400 F. Supp.2d 500, 502-504 (E.D.N.Y. 2005), holding that the District Court has exclusive jurisdiction once an action under 8 U.S.C. § 1447(b) has been filed. However, in Etape, the Court of Appeals for the Fourth Circuit specifically addressed the impact of its ruling that the federal court has exclusive jurisdiction, holding that its ruling had no retroactive application to previous cases, unless they are still open on direct review. 497 F.3d at 387-88. But see Castracani v. Chertoff, 377 F.Supp.2d 71 (D.D.C. 2005) (since federal court has exclusive jurisdiction, case was remanded even though the plaintiff's application had been approved and the plaintiff naturalized while the case was pending). In contrast, other courts have held that the federal court and the USCIS have concurrent jurisdiction. See, e.g., Zie v. Mukasey, 575 F.Supp.2d 963 (E.D. Wis. 2008); Bustamante v. Chertoff, 533 Supp.2d 373 (S.D.N.Y. 2008); Perry v. Gonzales, 472 F.Supp.2d 623 (D.N.J. 2007). Having not raised this issue in the motion to dismiss and having proceeded to approve the plaintiff's application and naturalize the plaintiff, the United States would be estopped from denying that the plaintiff is now a naturalized United States citizen.

Therefore, it is respectfully RECOMMENDED that the defendant's motion to dismiss (Docket Entry No. 4) be GRANTED, and that this case be DISMISSED with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Urn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully Submitted,

    /s/ Juliet Griffin
    JULIET GRIFFIN
    United States Magistrate Judge